# EXHIBIT A

COPY

MAR 25 2020

CLERK OF THE SUPERIOR COURT
M. PATTERSON
DEPUTY CLERK

David C. Shapiro – #028056
Heather E. Bushor – #027030
**DAVID SHAPIRO LAW, PLLC**
5725 N. Scottsdale Road, Ste C110
Scottsdale, Arizona 85250
Telephone: (480) 300-5405
E-Mail: david@shapirolawaz.com
E-Mail: heather@shapirolawaz.com
E-Mail: MinuteEntries@shapirolawaz.com
**Attorneys for Plaintiff**

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| CHRISTOPHER MICHAEL LA BRIOLA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN MODERN HOME INSURANCE COMPANY, an Ohio Corporation and AMERICAN MODERN INSURANCE GROUP, INC., STACEY STATON and JOHN DOE STATON, wife and husband; JENNIFER ANDERSON and JOHN DOE ANDERSON, wife and husband; BLACK AND WHITE PARTNERSHIPS I through X; ABC CORPORATIONS I through X; JANE DOES I through X,<br><br>Defendants, | Case No: CV2020-052235<br><br>**COMPLAINT**<br><br>(Jury Trial Demand) |

Plaintiff, for his Complaint against Defendants, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiffs CHRISTOPHER MICHAEL LA BRIOLA ("Plaintiff"), is a resident of the County of Maricopa, State of Arizona.

2. Defendant AMERICAN MODERN HOME INSURACNE COMPANY (hereinafter referred to as "Defendant AMHI") is a corporation organized and existing by virtue

of the laws of the State of Ohio and is authorized to transact an insurance business within the State of Arizona by the Director of Insurance of the Arizona Department of Insurance in the State of Arizona.

3. Defendant AMERICAN MODERN INSURANCE GROUP, INC. (hereinafter "Defendant AMI") is a corporation organized and existing by virtue of the laws of the State of Ohio and is authorized to transact an insurance business within the State of Arizona by the Director of Insurance of the Arizona Department of Insurance in the State of Arizona.

4. Defendants STACEY STATON and JOHN DOE STATON are wife and husband, and were acting on behalf of the marital community at all relevant times herein and are residents of the State of Ohio.

5. Defendants JENNFIER ANDERSON and JOHN DOE ANDERSON are wife and husband, and were acting on behalf of the marital community at all relevant times herein and are residents of the State of Ohio.

6. Defendant AMHI's principle place of business is located at 7000 Midland Boulevard, Amelia, Ohio 45102-2607.

7. Defendant AMI's principle place of business is located at 7000 Midland Boulevard, Amelia, Ohio 45102-2607.

8. Defendants BLACK and WHITE PARTNERSHIPS I-X, are Arizona partnerships duly authorized to do business, and currently doing business in the County of Maricopa, State of Arizona.

9. Plaintiffs are unaware of the true names of Defendants BLACK and WHITE PARTNERSHIPS I-X and therefore sue such Defendants by fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities of said Defendants are ascertained.

10. Defendants ABC CORPORATIONS I-X, are Arizona corporations duly authorized to do business, and currently doing business in the County of MARICOPA, State

of Arizona.

11. Plaintiffs are unaware of the true names of Defendants ABC CORPORATIONS I-X, and therefore sue such Defendants by fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities of said Defendants are ascertained.

12. Defendants JOHN and JANE, DOES I-X are individuals that reside in the County of Maricopa, State of Arizona, or have caused events to occur within the County of Maricopa, State of Arizona to sufficiently grant this Court jurisdiction and venue.

13. Plaintiffs are unaware of the true names of Defendants JOHN and JANE DOES I-X, and therefore sue such Defendants by fictitious names. Plaintiffs will seek leave to amend this Complaint when the true names and capacities of said Defendants are ascertained.

14. That the events complained of herein occurred in the county of Maricopa, state of Arizona, and/or in the alternative, named Defendants transact business, maintain agents or representatives in, and regularly and/or continuously conduct business in interstate commerce in Maricopa County. Thus, jurisdiction and venue are proper in this Court.

15. That the damages alleged in this matter qualify for Tier 2 and exceed the minimum jurisdictional limits of the Superior Court.

## GENERAL ALLEGATIONS

16. On Friday, October 12, 2018, at 4;16 p.m., Plaintiff was driving westbound on W. Deer Valley Road in the number one lane.

17. Plaintiff was involved in a motor vehicle collision.

18. Plaintiff suffered significant personal injuries, general damages and special damages in an amount in far excess of the adverse driver's liability and Plaintiff's underinsured policy limits.

19. At this time, Plaintiff Christopher Michael LaBriola was insured under Defendants contract, policy number 054-524-495 (the "Contract"), issued and delivered to him by the Defendants. In that policy, the Defendants , promised to pay damages which the

Plaintiff is legally entitled to recover from the owner or operator of an underinsured motor vehicle with respect to the injuries he sustained in the motor vehicle accident. Plaintiff's policy includes underinsured motorist coverage.

20. Subsequent to the motor vehicle accident, the adverse motorist's insurer paid Plaintiff the insured motorist's liability policy limits of $25,000.00.

21. Thereafter, Plaintiff made a claim for underinsured motorist coverage pursuant to the provisions of the Contract and demanded fair compensation pursuant to the terms of his policy.

22. Defendants reviewed Plaintiff's claim under the underinsured motorist coverage but refused to extend an offer that would properly compensate Plaintiff for his damages and remains unwilling to resolve Plaintiff's claim for an amount sufficient to fairly compensate Plaintiff for his damages.

23. Defendants offered to resolve Plaintiff's claim were unreasonably low.

24. Plaintiff made another demand for payment of the $100,000 policy limits afforded to him by his insurance policy, while informing Defendants of his intent to file suit for breach of contract and bad faith.

25. Despite reviewing the reports and medical records from Plaintiff's treating physician, who determined that she suffered severe injuries and requires extensive future care as a result of the subject collision, Defendants have denied Plaintiff's demand for payment of the policy limits and refused to explain or identify why they will not pay their policy limits.

26. The Defendants' actions have resulted in an unreasonable delay in payment of Plaintiff's claim for compensation pursuant to the insurance Contract.

27. Defendants have breached Plaintiff's Insurance Contract.

28. Defendants failed to give reasonable consideration to Plaintiff's claim.

29. Defendants, by their unreasonable actions in handling Plaintiff's underinsured claim, by taking an adversarial position in handling Plaintiff's claim, forced him to file suit.

30. Defendants intended by their acts to cause a *de facto* denial of benefits to Plaintiff.

## COUNT I
## (BREACH OF CONTRACT)

31. Plaintiff incorporates and realleges each of the foregoing allegations as if set forth herein.

32. Plaintiff had a contract of insurance with Defendants.

33. Under the contract of insurance Defendants agreed to provide fair compensation to Plaintiff in accordance with Plaintiff's underinsured motorist benefits.

34. Defendants' failure to properly and adequately investigate, to give equal consideration to Plaintiff's interests and claims, make a good faith offer and refusal to consider payment for Plaintiff's pain and suffering constitute a *de facto* denial of coverage and breach of contract.

35. Defendants' had the responsibility to pay Plaintiff's damages in connection with his underinsured motorist claim; however, Defendants refused to pay to Plaintiff pursuant to the terms of the Contract.

36. The Defendants' failure to properly and adequately investigate, to give equal consideration to Plaintiff's interests and claims, make a good faith offer and refusal to consider payment for Plaintiff's damages including but not limited to his medical bills (past and future), loss of earnings (past and future), diminished earning capacity (past and future) further constitute a *de facto* denial of coverage and breach of contract.

37. As the direct result of Defendants' breach, Plaintiff has sustained damages in the form of pain, suffering, mental and emotional anguish, anger and despair, and a general decrease in the quality of life and for which Plaintiff has not been offered fair compensation, and for which Plaintiff has not been compensated.

38. As a further result of Defendants' breach, Plaintiff has incurred medical expenses, and will continue to incur medical expenses in the future for which Defendants' have not offered Plaintiff fair compensation.

39. Thus, Defendants is liable to Plaintiff in an amount equal to what would be reasonable compensation.

40. Plaintiff is entitled to an award of attorneys' fees and costs as this matter arises out of contract and pursuant to A.R.S. § 12-341.01.

## COUNT II
## (BAD FAITH)

31. Plaintiff incorporates and realleges each of the foregoing allegations as if set forth herein.

32. Plaintiff had a contract of insurance with Defendants.

33. That in every contract of insurance there is inherent in it the covenant of good faith and fair dealing.

34. Under the contract of insurance, Defendants agreed to provide fair compensation to Plaintiff in accordance with Plaintiff's underinsured motorist benefits.

35. Defendants' failure to adequately investigate, failure to treat Plaintiff's claims with equal consideration, failure to make a good faith offer, failure to make reasonable efforts to alleviate the necessity of litigation and failure to pay a reasonable amount to Plaintiff is a breach of the covenant of good faith and fair dealing.

36. Defendants intentionally, unfairly and dishonestly denied Plaintiff's claim for contract benefits when he was involved in an accident with an underinsured motorist without a reasonable basis for such action. Defendants knew or should have known that it acted without a reasonable basis.

37. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has sustained damages in the form of pain, suffering, mental

and emotional anguish, anger and despair, and a general decrease in the quality of life and for which Plaintiff has not been offered fair compensation.

38. As a further result of Defendants' breach, Plaintiff has incurred medical expenses, and will continue to incur medical expenses in the future for which Defendants have not offered Plaintiff fair compensation.

39. That upon information and belief Defendants acted intentionally, unfairly, and dishonestly with a consistent pattern to undermine the security, safety and reliability of its own insurance policies including the subject policy to the detriment of its insureds including the Plaintiff, to the extent that it constitutes a conscious disregard of the substantial likelihood that such conduct is likely to cause injury and constitutes sufficient to incur a penalty of punitive damages

40. Thus, Defendants are liable to the Plaintiff in an amount equal to what would be reasonable compensation.

41. Plaintiff is entitled to an award of attorneys' fees and costs as this matter arises out of contract and pursuant to A.R.S. § 12-341.01.

WHEREFORE, Plaintiff prays for judgment against all the Defendants, and each of them, as follows:

A. For that amount as is reasonable and just as and for damages to the Plaintiff;

B. For punitive damages in an amount sufficient to punish the Defendants jointly and severally and to deter similar future conduct by this Defendants and other similarly situated insurance companies;

C. For special damages as have been alleged above and which will be more specifically set forth at the time of trial;

D. For general and compensatory damages in an amount to be determined at trial but not less than the jurisdictional amount for this Court;

E. For breach of contract and bad faith;

F.   For pre- and post- judgement interest at the statutory rate of ten percent (10%) per annum; and

G.   For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all Claims for Relief, Counts, Paragraphs and issues raised in this complaint.

**RESPECTFULLY SUBMITTED** this 24th day of March, 2020.

**DAVID SHAPIRO LAW, PLLC**

By: _____
David C. Shapiro, Esq.
Heather E. Bushor, Esq.
5725 N. Scottsdale Rd., Ste 110
Scottsdale, Arizona 85250
*Attorneys for Plaintiff*