GARREY, WONER, HOFFMASTER & PESHEK, P.C.
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
(480) 483-9700
Shawna M. Woner
State Bar No. 012948
swoner@gwhplaw.com
Ashley E. Wallace
State Bar No. 033360
awallace@gwhplaw.com
minuteentries@gwhplaw.com

Attorneys for Defendant American Modern Home Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Michael La Briola, an individual,<br><br>                     Plaintiff,<br><br>v.<br><br>American Modern Home Insurance Company, an Ohio Corporation and American Modern Insurance Group, Inc., Stacey Staton and John Doe Staton, wife and husband; Jennifer Anderson and John Doe Anderson, wife and husband; Black and White Partnerships I through X; Abc Corporations I through X; Jane Does I through X,<br><br>                     Defendants. | Case No.  2:20-cv-00783-ESW<br><br><br>**Defendant American Modern Home Insurance Company's Answer to Plaintiff's Complaint** |

COMES NOW Defendant American Modern Home Insurance Company ("Defendant"), by and through counsel undersigned, and for its Answer to Plaintiff's Complaint admits, denies, and alleges as follows:

- 1 -

I.

Defendant denies each and every, all and singular, of the allegations of Plaintiff's Complaint to which it does not hereinafter specifically plead.

II.

The allegations of Paragraph 1 are admitted.

III.

The allegations of Paragraph 2 are admitted for jurisdictional purposes only and denied to the extent the allegations purport to state a claim against Defendant.

IV.

The allegations of Paragraph 3 are not directed to this answering Defendant, however Defendant American Modern Home Insurance Company asserts that Defendant American Modern Insurance Group, Inc. is not a properly named Defendant and should be dismissed. Defendant American Modern Insurance Group, Inc. is a holding company and not an insurance company and therefore should be dismissed from this case. Defendant American Modern Insurance Group, Inc. is not authorized to transact an insurance business within the State of Arizona as it is not an insurance company. Defendant American Modern Insurance Group, Inc. is incorporated in the State of Ohio for the purposes of diversity jurisdiction.

V.

The allegations of Paragraphs 4 and 5 are admitted for jurisdictional purposes

- 2 -

only and denied to the extent the allegations purport to state a claim against this answering Defendant and makes no admissions regarding the marital status of or jurisdiction over any codefendant.

## VI.

The allegations of Paragraphs 6 and 7 are admitted for jurisdictional purposes only and denied to the extent the allegations purport to state a claim against Defendant.

## VII.

In answering the allegations contained in Paragraphs 8 through 13, inclusive, of Plaintiff's Complaint, Defendant lacks sufficient information to form a reasonable belief as to the nature of the fictitiously named Defendants, and accordingly, those allegations are denied to the extent the allegations purport to state a claim against Defendant.

## VIII.

The allegations of Paragraph 14 of Plaintiff's Complaint are admitted for jurisdictional purposes only and denied to the extent the allegations purport to state a claim against Defendant.

## IX.

The allegations of Paragraph 15 of Plaintiff's Complaint are admitted for jurisdictional purposes only, but denied to the extent the allegations purport to state a

claim against Defendant.

## GENERAL ALLEGATIONS

### X.

The allegations of Paragraphs 16 and 17 of Plaintiff's Complaint are admitted.

### XI.

In responding to the allegations of Paragraph 18 of Plaintiff's Complaint, Defendant admits that as a result of the motor vehicle accident, Plaintiff sustained some degree of injury, and that the nature, extent and value of those injuries are in dispute and fairly debatable. Defendant admits that the liability carrier elected to tender its limits rather than defend its insured, and that a claim was presented alleging that the damages were in excess of the adverse driver's liability policy limits. The nature and extent of those damages remains in dispute. Defendant denies that Plaintiff sustained injuries, general damages and special damages in excess of Plaintiff's underinsured policy limits, and affirmatively asserts that Defendant has acted at all times in a manner consistent with industry standards, and has reasonably valued and offered to Plaintiff recoverable damages under his available underinsured motorist coverage.

### XII.

In responding to the allegations of Paragraph 19 of Plaintiff's Complaint, Defendant admits that at the time of the motor vehicle collision, Plaintiff was insured

by Defendant under policy number 054-524-495, which provided underinsured motorist coverage. Defendant admits that Plaintiff's policy provided that "[Defendant] will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury": 1. Sustained by an "insured"; and 2. Caused by an accident." Defendant affirmatively alleges that this is but one of many policy provisions, including provisions requiring Plaintiff to cooperate and provide authorizations for the disclosure of medical records, and that Plaintiff has committed an anticipatory and/or actual breach of said provisions by his failure and refusal to do so.

XIII.

The allegations of Paragraphs 20 and 21 of Plaintiff's Complaint are admitted to the extent it is alleged that Plaintiff presented a claim, however as of the time of making a claim to Defendant, the underlying carrier had not yet agreed to tender it limits, but Defendant nonetheless considered Plaintiff's claim concurrently.

XIV.

The allegations of Paragraph 22 of Plaintiff's Complaint are denied. Defendant reasonably evaluated Plaintiff's claim for underinsured motorist coverage, requested additional records, bills, and signed authorizations and followed up with counsel for Plaintiff multiple times for such documents. Plaintiff, through his counsel, repeatedly failed or expressly refused to comply with Defendant's reasonable requests for

documents in violation of the terms of the policy; despite this, Defendant fairly and promptly evaluated Plaintiff's claim at $45,000 based on the records and bills it was provided. Plaintiff rejected Defendant's reasonable offer.

XV.

The allegations of Paragraph 23 of Plaintiff's Complaint are denied. Defendant's offer of $45,000 was fair and reasonable.

XVI.

In responding to the allegations of Paragraph 24 of Plaintiff's Complaint, Defendant admits that Plaintiff, through his counsel, made another demand for payment of the $100,000 policy limits and informed Defendant of his intent to file suit for breach of contract and bad faith while at the same time refusing to provide authorization to obtain medical records expressly required under the policy. Defendant denies that Plaintiff was entitled to the full policy.

XVII.

The allegations of Paragraph 25 of Plaintiff's Complaint are denied. Defendant specifically detailed to counsel for Plaintiff much of the reasoning behind its evaluation of Plaintiff's claim in its correspondence dated December 11, 2019 and December 13, 2019, and counsel for the Plaintiff continued to refuse to comply with the terms of the policy requiring that he (not she) provide signed authorizations to allow for fair disclosure of medical records, including records relating to pre-existing

conditions, and counsel again refused to comply.

### XVIII.

The allegations of Paragraph 26 of Plaintiff's Complaint are denied. Defendant diligently followed up with Plaintiff regarding issues related to his claim and many of those requests went unanswered. Defendant reasonably evaluated Plaintiff's claim based on the information that it was provided and timely communicated that offer to Plaintiff, however that offer was rejected. Any delay in payment of Plaintiff's claim has solely been due to the actions or inactions of Plaintiff.

### XIX.

The allegations of Paragraph 27 of Plaintiff's Complaint are denied; Plaintiff breached the agreement by his failure to authorize Defendant to obtain medical reports and other pertinent records as required by the terms of the policy.

### XX.

The allegations of Paragraph 28 of Plaintiff's Complaint are denied. Defendant asserts it gave reasonable consideration to Plaintiff's claim based on the records and bills that it was provided.

### XXI.

The allegations of Paragraph 29 of Plaintiff's Complaint are denied. Defendant diligently communicated with Plaintiff from the inception of his claim, requested signed authorizations, and clarification on certain issues that arose regarding the

documentation that Plaintiff provided during the claim evaluation process. Plaintiff, through his counsel, ignored (and later flatly rejected) multiple requests by Defendant for medical records authorizations, for information regarding previous providers, and other similar requests knowing that these were required under the policy. Throughout the course of the claim process, counsel for Plaintiff failed to respond to multiple emails and phone calls from claim professionals, and thus delayed the claim process. Defendant reasonably offered Plaintiff $45,000 based on the information that it had and Plaintiff rejected that offer and filed suit instead of complying with the terms of the insurance policy and providing the information Defendant requested.

XXII.

The allegations of Paragraph 30 of Plaintiff's Complaint are denied. Defendant gave a fair and reasonable offer of $45,000 to settle Plaintiff's claim after it evaluated the records, bills, and other documents Plaintiff provided. Plaintiff refused to cooperate with Defendant in securing additional records that were reasonably requested by Defendant to further assess Plaintiff's claim.

**COUNT I**
**(BREACH OF CONTRACT)**

XXIII.

In answering the allegations of Paragraph 31 of Plaintiff's Complaint, Defendant incorporates by reference each and every preceding denial, admission and affirmative defense as if it is set forth herein.

XXIV.

The allegations of Paragraph 32 of Plaintiff's Complaint are admitted in that Plaintiff had an insurance contract with this answering Defendant. Plaintiff did not have an insurance contract with the other named Defendants.

XXV.

In answering the allegations of Paragraph 33 of Plaintiff's Complaint, Defendant admits the policy provided that: "[Defendant] will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury": 1. Sustained by an "insured"; and 2. Caused by an accident.".  Defendant further alleges that the policy imposes obligations on the insured as well, including the duty to cooperate in providing signed authorizations.

XXVI.

The allegations of Paragraph 34 of Plaintiff's Complaint are denied. Defendant reasonably evaluated and investigated Plaintiff's claim for underinsured motorist coverage, requested additional records, bills, and signed authorizations and followed up with Plaintiff multiple times for such documents. Plaintiff, through his counsel, refused to comply with Defendant's reasonable requests for documents in violation of the terms of the policy. Despite this, Defendant reasonably evaluated Plaintiff's claim based on the records and bills it was provided and determined that Plaintiff's claim

was worth 45,000. Plaintiff rejected Defendant's reasonable offer.

### XXVII.

In answering the allegations of Paragraph 35 of Plaintiff's Complaint, Defendant admits that pursuant to the policy it agreed to pay "compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury": 1. Sustained by an "insured"; and 2. Caused by an accident." Defendant made a reasonable offer of $45,000 to Plaintiff based on the information and documents it was provided by Plaintiff; Plaintiff denied Defendant's reasonable offer.

### XXVIII.

The allegations of Paragraph 36 of Plaintiff's Complaint are denied. Defendant reasonably evaluated and investigated Plaintiff's claim for underinsured motorist coverage, requested additional records, bills, and signed authorizations and followed up with Plaintiff multiple times for such documents. Plaintiff refused to comply with Defendant's reasonable requests for documents in violation of the terms of the policy. However, despite this, Defendant reasonably evaluated Plaintiff's claim based on the records and bills it was provided and determined that Plaintiff's claim was worth 45,000. Plaintiff rejected Defendant's reasonable offer.

### XXIX.

The allegations of Paragraphs 37 through 40, inclusive of Plaintiff's Complaint

are denied.

## COUNT II
### (BAD FAITH)

#### XXX.

In answering the allegations of Paragraph CII-31[1] of Plaintiff's Complaint, Defendant incorporates by reference each and every preceding denial, admission and affirmative defense as if it is set forth herein.

#### XXXI.

The allegations of Paragraph CII-32 are admitted.

#### XXXII.

The allegations of Paragraph CII-33 are admitted, and it is affirmatively alleged that the covenant is mutual, and Plaintiff breached the covenant by his failure and refusal to comply with multiple requests for signed authorizations to obtain medical records.

#### XXXIII.

In answering the allegations of Paragraph CII-34 of Plaintiff's Complaint, Defendant admits that pursuant to the policy it agreed to pay "compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury": 1. Sustained by an

"insured"; and 2. Caused by an accident." Defendant made a reasonable offer of $45,000 to Plaintiff based on the information and documents it was provided by Plaintiff; Plaintiff denied Defendant's reasonable offer.

## XXXIV.

The allegations of Paragraphs CII-35 and CII-36 of Plaintiff's Complaint are denied. Defendant reasonably evaluated and investigated Plaintiff's claim for underinsured motorist coverage, requested additional records, bills, and signed authorizations and followed up with Plaintiff's counsel multiple times for such documents. Plaintiff's counsel refused to comply with Defendant's reasonable requests for documents in violation of the terms of the policy. However, despite this, Defendant reasonably evaluated Plaintiff's claim based on the records and bills it was provided and determined that Plaintiff's claim was worth 45,000. Plaintiff rejected Defendant's reasonable offer.

## XXXV.

The allegations of Paragraphs CII-37 through CII-41, inclusive of Plaintiff's Complaint are denied.

## **AFFIRMATIVE DEFENSES**

a. As and for a separate and affirmative defense, and in the alternative, Defendant

---

[1] Plaintiff has misnumbered Count II of the Complaint. Paragraph 31 of Plaintiff's Complaint (in Count II) should be Paragraph 41, however to be uniform with Plaintiff's Complaint, Defendant will utilize Plaintiff's numbering with the prefix CII for clarity.

alleges that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

b. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff and his counsel may be comparatively, if not wholly, at fault for his alleged damages, if any by causing and contributing to delay in the processing of his claim.

c. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff's alleged injuries were caused in whole or in part by the conduct of other parties or non-parties over whom Defendant has no control and to whom Defendant may apportion fault at the time of trial.

d. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff failed to mitigate his damages and/or that Plaintiff's alleged damages may be the result of a pre-existing condition.

e. As and for a separate and affirmative defense, and in the alternative, Defendant alleges any policy defense determined by the evidence to be applicable, including failure to provide timely and accurate records.

f. As and for a separate and affirmative defense, and in the alternative, Defendant alleges that Plaintiff anticipatorily breached the policy in not authorizing Defendant to obtain medical reports and other pertinent records as required by the policy.

g. As and for a separate and affirmative defense, and in the alternative, Defendant

believes that further affirmative defenses may be applicable which may be presently unknown.   Defendant reserves the right, therefore, to amend its Answer to assert further affirmative  defenses upon the completion of discovery.

## **DEMAND FOR JURY TRIAL**

Defendant demands a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that same be dismissed and that Plaintiff take nothing.   Defendant further seeks an award of its costs incurred herein; attorneys' fees as this action arise under contract pursuant to ARS 12-341.01, and to the extent the Court finds the action to be lacking in substantial justification, damages pursuant to ARS 12-349, and such other relief as

/ / /

/ / /

the Court deems just and proper. Further, Defendant demands trial by jury as to all triable issues.

RESPECTFULLY submitted this 29th day of April, 2020.

GARREY, WONER, HOFFMASTER & PESHEK, P.C.

By */s/ Shawna M. Woner*
Shawna M. Woner
Ashley E. Wallace
The Gibraltar Building
6611 North Scottsdale Road
Scottsdale, Arizona 85250
Attorneys for Defendant American Modern Home
Insurance Company

/ / /

/ / /

/ / /

- 15 -

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2020, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing of transmittal of a Notice of Electronical Filing to the following CM/ECF registrants:

David C. Shapiro
Heather E. Bushor
DAVID SHAPIRO LAW, PLLC
5725 N. Scottsdale Rd., Ste. C110
Scottsdale, Arizona 85250
david@shapirolawaz.com
heather@shapirolawaz.com
MinuteEntries@shapirolawaz.com


/s/ Ali Linton

- 16 -